UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 15-1695-AG (KKx) | Date | September 17, 2015 |
|---|---|---|---|
| Title | HENRY RUIZ v. RESIDENTIAL CREDIT SOLUTIONS, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:**     **[IN CHAMBERS] ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

Plaintiff Henry C. Ruiz ("Plaintiff") sued Defendant Residential Credit Solutions, Inc. ("Defendant") seeking to allege state law claims arising from Defendant's handling of Plaintiff's home loan modification. (Dkt. No. 1, Ex. A (Complaint).) Defendant removed this action under 28 U.S.C. section 1332(a) asserting that diversity jurisdiction exists.

The Court has concerns whether diversity jurisdiction exists.

**SUBJECT MATTER JURISDICTION**

Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "Federal courts 'jealously' guard their own jurisdiction and, where appropriate, will dismiss a case for lack of subject matter jurisdiction even if the issue is not raised by the parties." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005) (citing *In re Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988)). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-1695-AG (KKx) | Date | September 17, 2015 |
|---|---|---|---|
| Title | HENRY RUIZ v. RESIDENTIAL CREDIT SOLUTIONS, INC. | | |

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Concerning the amount in controversy requirement, Defendant maintains that "[i]n actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." (Notice of Removal, Dkt. No. 1, at 3.) Defendant asserts that "Plaintiff seeks declaratory relief and injunctive relief concerning real property and a secured home loan" and that the original loan amount is $390,000. (*Id.*) But the Court is not convinced that the full value of the loan is the accurate measure of the amount in controversy in this case. *See Olmos v. Residential Credit Solutions*, 2015 WL 1240347 (C.D. Cal. Mar. 16, 2015).

Accordingly, the Court ORDERS Defendant to show cause in writing within 14 days of this Order why this action should not be remanded, supporting its assertions with an assessment of the amount in controversy consistent with this Order. Defendant's response should also specifically address the *Olmos* decision. Plaintiff may submit a response within seven days of Defendant's filing. Alternatively, Defendant may stipulate to a remand.

: 0

Initials of Preparer    lmb